# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | |
| Alan J. Stevens | RE:<br>26 Pocahontas Trail, Boothbay, ME 04544 |
| Defendant | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Alan J. Stevens, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendant, Alan J. Stevens, is the obligor and the total amount owed under the terms of the Note is Five

Hundred Forty Seven Thousand Eight Hundred Eighty Four and 75/100 ($547,884.75) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a corporation organized under the laws of the State of Texas, with its principal place of business located at 13801 Wireless Way, Oklahoma City, OK 73134.

5. The Defendant, Alan J. Stevens, is a resident of Sarasota, County of Sarasota and State of Florida.

## FACTS

6. On September 23, 2005, by virtue of a Warranty Deed from William Buttars and Lise J. Buttars, which is recorded in the Lincoln County Registry of Deeds in **Book 3560, Page 4**, the property situated at 26 Pocahontas Trail, County of Lincoln, and State of Maine, was conveyed to the Defendant, Alan J. Stevens and Joint Tenant, M. Murphy Stevens, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On September 23, 2005, the Defendant, Alan J. Stevens, executed and delivered to Mortgage Lenders Network USA, Inc. a certain Note in the amount of $359,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. On December 31, 2018, the Defendant, Alan J. Stevens, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit C (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

9. The Demand Letter informed the Defendant, Alan J. Stevens, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit C.

10. The Defendant, Alan J. Stevens, failed to cure the default prior to the expiration of the Demand Letter.

11. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

12. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Note. The total debt owed under the Note as of March 15, 2019 is Five Hundred Forty Seven Thousand Eight Hundred Eighty Four and 75/100 ($547,884.75) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $336,381.54 |
| Interest | $174,927.38 |
| Escrow/Impound Required | $30,656.68 |
| Late Charges Due | $4,178.31 |
| Deferred Amounts | $203.84 |
| Total Advances | $1,537.00 |
| **Grand Total** | **$547,884.75** |

*See* Exhibit D (a true and correct copy of the Payment History is attached hereto and incorporated herein).

13. Upon information and belief, the Defendant, Alan J. Stevens, is presently in possession of the subject property originally secured by the Note.

14. The Defendant is not in the Military. *See* Exhibit E (a true and correct copy of the Affidavit Relating to Military Search is attached hereto and incorporated herein).

## COUNT I – BREACH OF NOTE

15. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 14 as if fully set forth herein.

16. On September 23, 2005, the Defendant, Alan J. Stevens, executed and delivered to Mortgage Lenders Network USA, Inc. a certain Note in the amount of $359,000.00. *See* Exhibit B.

17. The Defendant, Alan J. Stevens, is in default for failure to properly tender the November 1, 2009 payment and all subsequent payments. *See* Exhibit D.

18. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Alan J. Stevens.

19. The Defendant, Alan J. Stevens, having failed to comply with the terms of the Note, is in breach of the Note.

20. The Defendant Alan J. Stevens' breach is knowing, willful, and continuing.

21. The Defendant Alan J. Stevens' breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

22. The total debt owed under the Note as of March 15, 2019 is Five Hundred Forty Seven Thousand Eight Hundred Eighty Four and 75/100 ($547,884.75) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $336,381.54 |
| Interest | $174,927.38 |
| Escrow/Impound Required | $30,656.68 |
| Late Charges Due | $4,178.31 |
| Deferred Amounts | $203.84 |
| Total Advances | $1,537.00 |
| **Grand Total** | **$547,884.75** |

*See* Exhibit D.

23. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

### COUNT II – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

24. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 23 as if fully set forth herein.

25. By executing, under seal, and delivering the Note, the Defendant, Alan J. Stevens, entered into a written contract with Mortgage Lenders Network USA, Inc. who agreed to loan the amount of $359,000.00 to the Defendant. *See* Exhibit B.

26. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and successor-in-interest to Mortgage Lenders Network USA, Inc., and has performed its obligations under the Note.

27. The Defendant, Alan J. Stevens, breached the terms of the Note by failing to properly tender the November 1, 2009 payment and all subsequent payments. *See* Exhibit D.

28. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Alan J. Stevens.

29. The Defendant, Alan J. Stevens, having failed to comply with the terms of the Note, is in breach of contract.

30. The Defendant, Alan J. Stevens, is indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of Five Hundred Forty Seven Thousand Eight Hundred Eighty Four and 75/100 ($547,884.75) Dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to the Defendant.

31. Defendant Alan J. Stevens' breach is knowing, willful, and continuing.

32. Defendant Alan J. Stevens' breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

33. The total debt owed under the Note as of March 15, 2019 is Five Hundred Forty Seven Thousand Eight Hundred Eighty Four and 75/100 ($547,884.75) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $336,381.54 |
| Interest | $174,927.38 |
| Escrow/Impound Required | $30,656.68 |
| Late Charges Due | $4,178.31 |
| Deferred Amounts | $203.84 |
| Total Advances | $1,537.00 |
| **Grand Total** | **$547,884.75** |

See Exhibit D.

34. Injustice can only be avoided by awarding damages for the total amount owed under the Note, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT III – QUANTUM MERUIT

35. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 34 as if fully set forth herein.

36. Mortgage Lenders Network USA, Inc., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Defendant, Alan J. Stevens, $359,000.00. *See* Exhibit B.

37. The Defendant, Alan J. Stevens, is in default for failure to properly tender the November 1, 2009 payment and all subsequent payments. *See* Exhibit D.

38. As a result of the Defendant's failure to perform under the terms of their obligation, the Defendant, Alan J. Stevens, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

39. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

40. The total debt owed under the Note as of March 15, 2019 is Five Hundred Forty Seven Thousand Eight Hundred Eighty Four and 75/100 ($547,884.75) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $336,381.54 |
| Interest | $174,927.38 |
| Escrow/Impound Required | $30,656.68 |
| Late Charges Due | $4,178.31 |
| Deferred Amounts | $203.84 |
| Total Advances | $1,537.00 |
| **Grand Total** | **$547,884.75** |

See Exhibit D.

## COUNT IV –UNJUST ENRICHMENT

41. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 40 as if fully set forth herein.

42. Mortgage Lenders Network USA, Inc., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendant, Alan J. Stevens, $359,000.00.  *See* Exhibit B.

43. The Defendant, Alan J. Stevens, has failed to repay the loan obligation.

44. As a result, the Defendant, Alan J. Stevens, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to Mortgage Lenders Network USA, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

45. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

46. The total debt owed under the Note as of March 15, 2019 is Five Hundred Forty Seven Thousand Eight Hundred Eighty Four and 75/100 ($547,884.75) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $336,381.54 |
| Interest | $174,927.38 |
| Escrow/Impound Required | $30,656.68 |
| Late Charges Due | $4,178.31 |
| Deferred Amounts | $203.84 |
| Total Advances | $1,537.00 |
| **Grand Total** | **$547,884.75** |

See Exhibit D.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Find that the Defendant, Alan J. Stevens, is in breach of the Note by failing to make payment due as of November 1, 2009, and all subsequent payments;

b) Find that the Defendant, Alan J. Stevens, entered into a contract for a sum certain in exchange for a loan;

c) Find that the Defendant, Alan J. Stevens, is in breach of contract by failing to comply with the terms and conditions of the Note by failing to make the payment due November 1, 2009 and all subsequent payments;

d) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to enforce the terms and conditions of the Note;

e) Find that by virtue of the money retained by the Defendant, Alan J. Stevens has been unjustly enriched at the Plaintiff's expense;

f) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to restitution;

g) Find that the Defendant, Alan J. Stevens, is liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for money had and received;

h) Find that the Defendant, Alan J. Stevens, is liable to the Plaintiff for quantum meruit;

i) Find that the Defendant, Alan J. Stevens, has appreciated and retained the benefit of the Note and the subject property;

j) Find that it would be inequitable for the Defendant, Alan J. Stevens, to continue to appreciate and retain the benefit of the Note and subject property without recompensing the appropriate value;

k) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to restitution for this benefit from the Defendant, Alan J. Stevens;

l) Determine the amount due on said Note, including principal, interest, reasonable attorney's fees and court costs;

47. Additionally, issue a money judgment against the Defendant, Alan J. Stevens, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount of Five Hundred Forty Seven Thousand Eight Hundred Eighty Four and 75/100 ($547,884.75) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

m) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust,
By its attorneys,

Dated: March 27, 2019

/s/ John A. Doonan
John Doonan, Esq., Bar No.: 3250
Reneau J. Longoria, Esq., Bar No.: 5746
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670